# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY ALLEN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-0196-CVE-FHM |
| | ) | |
| INDEPENDENT OPPORTUNITIES, INC.; | ) | |
| ROBIN CHILDRESS, *previously named as* | ) | |
| Robin Childers; VICKIE ONEAL; | ) | |
| AMY FANNING; DELORSE ARNOLD; | ) | |
| GORDON NORWOOD; JOHN DOE, *sued as* | ) | |
| *John Doe (Nurse)*; and ROGER JONES, *L.P.N.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are defendant Robin Childress's motion to dismiss (Dkt. # 20), and defendant Independent Opportunities, Inc.'s motion to dismiss (Dkt. # 21).

### I.

On April 6, 2018, plaintiff Jerry Allen Taylor filed a pro se civil complaint (Dkt. # 1), alleging claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. On June 1, 2018, the Court granted plaintiff's motion to proceed in forma pauperis (Dkt. # 2), and ordered plaintiff to submit to the Clerk of the Court one completed summons, one completed United States Marshals Service (USMS) form (USM-285 form), and one copy of the complaint for each defendant. Dkt. # 3. Plaintiff completed summonses[1] and USM-285 forms for defendants Amy Fanning and Roger Jones, but failed to complete a summons or USM-285 form for any of the five other defendants named in the complaint. Further, the summonses that

---

[1] The Court's order (Dkt. # 10) dated July 10, 2018 incorrectly states that plaintiff failed to complete summonses for defendants Fanning and Jones.

plaintiff completed for defendants Fanning and Jones were returned unexecuted, because plaintiff failed to deliver them to the Clerk of the Court and mailed them directly to the USMS instead. Dkt. ## 5, 6. On July 10, 2018, the Court allowed plaintiff the opportunity to cure his error, and again directed him to complete one summons and one USM-285 form for each defendant, and then submit the documents to the Clerk of the Court. Dkt. # 7. When plaintiff failed to comply with the Court's orders by September 5, 2018, the Court dismissed the case without prejudice. Dkt. # 8.

On October 11, 2018, plaintiff filed a motion to reopen the case (Dkt. # 9), and attached to the motion the completed USM-285 forms for defendants Fanning and Jones only. Id. at 2-3. The Court deemed the USM-285 forms as having been delivered to the Clerk of the Court. Dkt. # 10, at 2. However, Plaintiff did not attach to the motion, or otherwise deliver to the Clerk of the Court, completed summonses for defendants Fanning and Jones. In addition, plaintiff again failed to complete a summons or USM-285 form for any of the five other defendants named in the complaint. Therefore, the Court denied plaintiff's motion to reopen the case. Dkt. # 10.

On December 19, 2018, plaintiff filed a second motion to reopen the case (Dkt. # 11), and delivered to the Clerk of the Court completed summonses and USM-285 forms for all defendants. The Court granted plaintiff's motion, and reopened the case as to all defendants. Dkt. # 12. Defendants Independent Opportunities and Childress were successfully served on January 7, 2019. Dkt. ## 14, 15. Defendant Fanning was successfully served on January 14, 2019. Dkt.# 16. However, the summonses issued to defendants Vicki Oneal, Gordon Norwood, and Roger Jones were returned unexecuted. Dkt. ## 17, 18, 19.[2] On January 28, 2019, defendants Independent Opportunities and Childress each filed a motion to dismiss (Dkt. ## 20, 21). Defendant Independent

---

[2] The docket does not indicate whether defendant Delorse Arnold was successfully served.

2

Opportunities moves to dismiss the action on the basis that the Court should reconsider and deny plaintiff's second motion to reopen (Dkt. # 11). Dkt. # 21. Independent Opportunities argues that, in the alternative, the Court should dismiss plaintiff's unlawful discharge claim as having been untimely filed with the Oklahoma Office of the Attorney General Office of Civil Rights Enforcement (OCRE) or the Equal Employment Opportunity Commission (EEOC). Id. Defendant Childress requests that the Court dismiss her from the action because individual capacity suits are not permitted under Title VII, or, in the alternative, that the Court dismiss the case for the reasons set forth in Independent Opportunities's motion to dismiss. Dkt. # 20. The deadline to file a response to the motions was February 19, 2019, and no response has been filed by plaintiff at this time.

## II.

Defendant Independent Opportunities first argues that the Court should reconsider plaintiff's motion to reopen the case. Dkt. # 21, at 11-12. Independent Opportunities informs the Court that it had not received any notice of plaintiff's second motion to reopen the case and, therefore, did not have an opportunity to respond. Id. at 12. The Court was aware that defendants had not yet been served at the time the Court was considering plaintiff's second motion to reopen the case; however, the Court was unaware that plaintiff had also failed to, at the very least, mail his second motion to reopen the case to defendant Independent Opportunities, his former employer. Had the Court known that none of the defendants had received any notice whatsoever of plaintiff's motion, the Court would not have reopened the case. In any case, defendant Independent Opportunities has now been served, has had an opportunity to respond to the second motion to reopen, and has, in fact, responded to the motion. Therefore, the Court will now address Independent Opportunities's motion to dismiss the action on the basis that plaintiff's second motion to reopen should have been denied.

As Independent Opportunities correctly notes, Federal Rule of Civil Procedure 4(m) requires a defendant to be served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). Rule 4(m) also allows the Court to "extend the time for service for an appropriate period . . . if the plaintiff shows good cause for the failure." Id. In its July 10, 2018 order, the Court allowed plaintiff an extension of time to serve defendants. Dkt. # 7. However, the Court dismissed the action after plaintiff had still failed to serve defendants two months later. Dkt. # 8.

Independent Opportunities argues that the Court's dismissal constituted a final appealable order. Dkt. # 21, at 13. Independent Opportunities argues, therefore, that plaintiff's second motion to reopen (Dkt. # 11) was governed by Federal Rule of Civil Procedure 60(b). The Court agrees that its order dismissing the case constituted a final appealable order. In the Tenth Circuit, "[a] dismissal of the complaint is ordinarily a non-final, nonappealable order . . ., while a dismissal of the entire action is ordinarily final." Moya v. Schollenbarger, 465 F.3d 444, 449 (10th Cir. 2006). Here, the Court clearly dismissed the entire action. Moreover, Independent Opportunities notes that if plaintiff were to file a new suit, the new suit would be untimely filed.[3] Dkt. # 21, at 13. Such a result supports the Court's conclusion that dismissal was a final, appealable order. Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002); Tuke v. United States, 76 F.3d 155, 156 (7th Cir. 1996).

Further, the Court agrees that plaintiff's second motion to reopen was, therefore, governed by Rule 60(b). A litigant subject to an adverse final order may file either a motion to alter or amend

---

[3] Plaintiff is required to file a lawsuit within 90 days of receiving the notices of dismissal and of his right to sue from the OCRE and EEOC, otherwise his right to sue based on those charges is lost. Dkt. # 1, at 5. The OCRE mailed its notice to plaintiff on January 22, 2018, and the EEOC mailed its notice to plaintiff on April 3, 2018. Id.; Dkt. # 21-10, at 1. Therefore, if plaintiff were to file a new suit, he would be filing it more than 90 days after receiving the notices.

4

the judgment pursuant to Rule 59(e), or a motion seeking relief from judgment pursuant to Rule 60(b). Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). "Which rule applies to a motion depends essentially on the time a motion is served. If a motion is served within [twenty-eight] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). . . . If the motion is served after that time it falls under Rule 60(b)." Id. Here, plaintiff filed his second motion to reopen the case 105 days after the Court issued its order dismissing the action. Dkt. # 11. Accordingly, the Court finds that Rule 60(b) governs plaintiff's second motion to reopen the case.

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing part; (4) the judgment is void; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Plaintiff does not assert any reason in support of relief in the motion. Nonetheless, the Court will consider whether the record supports any of the reasons listed in Rule 60(b).

As an initial matter, the Court finds that the reasons listed in Rule 60(b)(2)-(5) are inapplicable to the present case. Therefore, the Court will address whether relief from the order is justified based on the reasons set forth in Rule 60(b)(1) and (6) only. "[T]he kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against . . . . Rule 60(b)(1) relief has also been granted upon a showing of a party's excusable failure to comply with procedural rules." Cashner v. Freedom Store, Inc., 98 F.3d 572, 577-78 (10th Cir. 1996). Here, the Court explicitly outlined for plaintiff on multiple occasions the

5

steps he was required to take to allow the USMS to perfect service upon the defendants named in the complaint. Nonetheless, plaintiff repeatedly failed to comply with the Court's clear orders. Even assuming that plaintiff committed an excusable mistake by mailing his completed USM-285 forms and summonses for defendants Jones and Fanning to the USMS rather than to the Clerk of the Court, his mistake became inexcusable after he failed to take any action to cure his error until three months after the Court issued an order allowing him the opportunity to do so. Moreover, plaintiff did not complete USM-285 forms and summonses for defendants Independent Opportunities, Childress, Oneal, Arnold, or Norwood until nine months after filing his complaint. The Court could not have been clearer that plaintiff was required to complete each form for each defendant identified in the complaint. Therefore, the Court finds that plaintiff's repeated failure to comply with the Court's orders does not constitute inexcusable mistake, inadvertence, inexcusable neglect, or surprise. Accordingly, the Court finds that relief is not warranted under Rule 60(b)(1).

Relief may be sought under Rule 60(b)(6) for "any other reason that justifies relief" but only "when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). Moreover, "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 393 (1993). Here, plaintiff fails to assert any reason that justifies relief under Rule 60(b)(6). Moreover, the record fails to show that there are any extraordinary circumstances that would warrant such relief. Rather, the record suggests that plaintiff's delay in complying with the Court's orders was no one's fault but his own. Therefore, the Court finds that plaintiff is not entitled to relief pursuant to Rule 60(b)(6). Accordingly, the

Court finds that, because plaintiff's second motion to reopen should have been denied, defendant's motion to dismiss the action should be granted.

Having determined that the action should be dismissed in its entirety because plaintiff was not entitled to relief under Rule 60, the Court finds that Independent Opportunities's alternative motion to dismiss plaintiff's claim for unlawful discharge should be declared moot. Similarly, the Court finds that defendant Childress's motion to dismiss should be declared moot.

**IT IS THEREFORE ORDERED** that defendant Independent Opportunities's motion to dismiss (Dkt. # 21) is **granted** in part, and **moot** in part: the motion to dismiss the action on the basis that plaintiff's second motion to reopen should have been denied is **granted**; and the motion to dismiss plaintiff's unlawful discharge claim as having been untimely filed with the OCRE or EEOC is **moot**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that defendant Robin Childress's motion to dismiss (Dkt. # 20) is **moot**.

**DATED** this 4th day of April, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE